IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XAVIER HARRIS ) | |
| ) | |
| Plaintiff, ) | CASE No. 1:06-cv-01848-JR |
| ) | |
| v. ) | |
| ) | |
| SAMUEL W. BODMAN ) | |
| *Secretary, U.S. Department of Energy* ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff XAVIER HARRIS, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, submits Plaintiff's Opposition to Defendant's Motion to Dismiss and avers:

**I. BACKGROUND**

Plaintiff is an African American male, who worked for the Department of Energy ("DOE") as a Utility Systems Repair Operator. *See* Complaint at ¶ 5. During the course of his employment, Plaintiff and other African American employees were denied promotion and subjected to a hostile work environment, consisting of threats, demeaning comments and insults because of their race. *See* Complaint ¶¶ 6-7. The Plaintiff was also subjected to adverse employment action because he reported unlawful conduct including the filing of false claims and receipt of kick backs for which his supervisor ultimately plead guilty. *See* Complaint ¶¶ 8-9.

Plaintiff filed a complaint with the EEOC with assistance of the attorney that he designated and who represented him in the administrative proceedings. *See* Complaint at

¶ 10.    The EEOC served its Final Agency Decision ("FAD") upon Plaintiff's counsel on July 28, 2006.  *See Id.*  On October 27, 2006, Plaintiff filed this action against the Defendant for race based discrimination in violation of Title VII of the Civil Rights Act and for relief under the Whistleblower Act.

Defendant has filed a motion to dismiss alleging that Plaintiff's action is time barred and that Plaintiff's whistleblower claim can only be brought before the Merit System Protection Board and not in this civil action.  Plaintiff submits this opposition detailing herein that Defendant's motion is without legal merit and therefore should be denied.

## II. ARGUMENT

Plaintiff's action is timely because the time period for the Plaintiff to file this civil action did not commence until his designated attorney received the right to sue notice.  Additionally, Plaintiff's whistleblower claim includes claims arising under the False Claims Act which permits an aggrieved claimant who has suffered retaliatory conduct to file a civil action in the district court for redress.  Accordingly, the Court should deny Defendant's Motion to Dismiss.

A.    **The EEOC Regulations and Case Law Provide that the Deadline for The Filing of a Civil Action is Computed from the Date When the Claimant's Attorney Receives the Right to Sue Notice:**

Defendant is incorrect in its assertion that the deadline for filing a civil action is computed from the earlier of when the claimant or his attorney receives the right to sue notice.  Under the EEOC regulations, once the claimant designates a representative the

2

time for filing a civil action begins to accrue on the date when the attorney (not the claimant) receives the right to sue notice. *See* 29 C.F.R. §1614.605(d). The EEOC regulations expressly provide that the time frame for receipt of materials is computed from the time of receipt by the party's designated attorney. *See Id.* This is also recognized in the very case to which Defendant cites in ostensible support of its position, *Jackson v. Snow*, WL 212136 (D.D.C 2006), where the court calculated the deadline for filing a civil action from the date that the attorney (and not the claimant) received the right to sue notice. Citing the aforementioned EEOC regulation, the court found that the plaintiff's action in that case was untimely because it was filed more than ninety days after his *attorney* received the right to sue notice. *See Idem* at p. 5. Moreover, in that case the right to sue notice itself indicated that the time frame for filing a civil action commenced on the date that it was received by the claimant's attorney. *See Idem* at pp. 3-4. Thus, Defendant's reliance upon *Jackson v. Snow* is misguided. Likewise in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), also cited by the Defendant, the Supreme Court calculated the deadline for filing a civil action from the date that the claimant's attorney received the right to sue notice and not from the date that the claimant received notice.

      In this case Defendant concedes that the right to sue notice was not served upon Plaintiff's attorney until July 28, 2006. *See* Memorandum of Points and Authorities in Support of Defendant's Motion at p. 5. Claimant filed the instant action within ninety days of that date, which therefore makes this action timely. Moreover, since the deadline for filing a civil action is not a jurisdictional bar but rather a statute of limitations, it is subject to equitable tolling. *See Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 D.C.

Cir. 1998); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Certainly, equitable tolling is warranted when a party has designated a representative in administrative proceedings before the EEOC, and the EEOC fails to serve his representative timely notice as required under the regulations to start the time for filing a civil action. *See* 29 C.F.R. §1614.605(d). However, truth be told no tolling is necessary in this case because there is no dispute that Plaintiff filed this action within ninety days of his counsel's receipt of the right to sue notice. Therefore, Plaintiff's action is timely.

**B.**  **<u>Plaintiff Can Pursue His Claims Under the Whistleblower Act in This Action:</u>**

Plaintiff has claims in this action arising out of the retaliatory adverse employment actions that the Defendant took against him for reporting fraudulent filing of claims. Plaintiff's whistleblower claims also invoke claims under the whistleblower provisions of the False Claims Act ("FCA"), which provides a right of action to any "person." 37 U.S.C. § 3730(b)(1). Although Defendant argues that Plaintiff's claims are preempted by the Civil Service Reform Act (CSRA), in the very case cited to by the Defendant in ostensible support of that position *LeBlanc v. United States*, 50 F.3d 1025, 1030 (Fed. Cir. 1995), the court actually indicated that the First Circuit recognized that the FCA may provide coverage to some federal employees. *See* 50 F.3d 1028 (Fed. Cir. 1995). However, the Court found in that case that FCA did not apply for other reasons, and not because the Plaintiff was a federal employee. *See Id.* In this case, the basis for denying coverage under the FCA are not present and therefore do not pose a bar to the Plaintiff bringing his whistleblower claims in this action.

4

## II. CONCLUSION

Defendant's Motion to Dismiss should be denied, for the time period for the Plaintiff to file this civil action did not commence until his designated attorney received the right to sue notice and Plaintiff's whistleblower claim arises under the False Claims Act which permits an aggrieved claimant who has suffered retaliatory conduct to file a civil action in the district court for redress.

                                                Respectfully submitted,
                                                XAVIER HARRIS


                                                By: \_\_\_/s/_____
                                                       Counsel

C. Sukari Hardnett (Bar No. 14840)
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, MD 20910
Tel: (301) 587-7001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **XAVIER HARRIS** ) | |
| ) | |
| Plaintiff, ) | CASE No. 1:06-cv-01848-JR |
| ) | |
| v. ) | |
| ) | |
| **SAMUEL W. BODMAN** ) | |
| *Secretary, U.S. Department of Energy* ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Having fully considered Defendant's Motion to Dismiss, Plaintiff's opposition thereto, and for good cause shown it is this _____ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss is DENIED.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE