UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XAVIER HARRIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1848 (JR) |
| SAMUEL W. BODMAN, Secretary, Department of Energy, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff Xavier Harris, an African-American male, filed this employment action alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and retaliation in violation of the Whistleblower Protection Act ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (1989), codified in scattered sections of Title 5 of the United States Code. The defendant moves to dismiss the complaint, asserting that the Title VII claim is untimely and that this Court lacks jurisdiction to hear the WPA claim. For the reasons explained below, the defendant's motion will be granted.

**Background**

Plaintiff was formerly employed with the Department of Energy ("DOE") as a Utility Systems Repair Operator. On February 29, 2004, plaintiff filed a complaint with the DOE's Office of Civil Rights and Diversity alleging discrimination on the basis of race and sex and retaliation after reporting that his supervisor was receiving unlawful kickbacks. The DOE issued

its final decision on January 17, 2006, concluding that plaintiff had failed to make out a *prima facie* case of either discrimination or retaliation under Title VII.  The final section of the decision, titled "Statement of Rights," informed the plaintiff that he had 30 days to file an appeal with the Equal Employment Opportunity Commission, or, alternatively, that he had 90 days to file a civil suit.  While plaintiff received the agency's decision on January 20, 2006, his attorney did not receive a copy directly from the DOE until July 28, 2006.  Plaintiff filed his complaint in this Court on October 27, 2006, more than nine months after he received notice of the agency's final decision.

**Analysis**

   I. Title VII

Federal employees may file a civil action under Title VII "within 90 days of receipt of notice of final action taken by a department, agency . . . or the [EEOC]."  42 U.S.C. § 2000e-16©).  A complaint filed after this period may be dismissed as untimely.  See, e.g., Brown v. General Serv. Administration, 425 U.S. 820, 825 (1976); Woodruff v. Peters, 482 F.3d 521, 525 (D.C. Cir. 2007).

A signed postal receipt indicates that the DOE's decision was received at plaintiff's home on January 20, 2006.  [Dkt. # 7, Ex. 1].  Plaintiff does not contest that he received

- 2 -

the decision many months before filing this suit, but instead argues that the 90-day limitations period only began to run after his lawyer received the decision directly from the agency. It is well-settled that the 90-day limitations period begins running when the agency delivers notice to the plaintiff or to the plaintiff's attorney, whichever comes first. See Reschny v. Elk Grove Plating Company, 414 F.3d 821, 823 (7th Cir. 2005) ("two types of receipt of notice can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney"); Seitzinger v. Reading Hops. & Med. Ctr., 165 F.3d 236, 239 n.1 (3d Cir. 1999) (same); Noe v. Ward, 754 F.2d 890, 891 (10th Cir. 1985) (same); Jackson v. Snow, Civ. No. 05-1266 (CKK), 2006 U.S. Dist. LEXIS 5144 (D.D.C. Jan. 27, 2006) (same); McKay v. England, Civ. No. 01-2535 (JR), 2003 U.S. Dist. LEXIS 5179 (D.D.C. Mar. 27, 2003) (same); Griffin v. Prince William Hospital Corp., 716 F. Supp. 919 (E.D. Va. 1989) (same).

Attempting to dodge the considerable amount of caselaw to the contrary, plaintiff asserts that his complaint is timely because an EEOC regulation, 29 C.F.R. § 1614.605(d), "expressly provide[s] that the time frame for receipt of materials is computed from the time of receipt by the party's designated attorney." Pl's Opp. at 3 [Dkt. # 8]. This argument has been considered and appropriately rejected in previous decisions,

including by this Court.  See Carter v. Potter, No. 06-4378, 2007 U.S. App. LEXIS 29360 at *8 (3d Cir. Dec. 18, 2007); McKay, 2003 U.S. Dist. LEXIS 5179 at * 5.  The relevant portion of the regulation cited by the plaintiff reads:

> (d) Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant.  When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, <u>but time frames for receipt of materials shall be computed from the time of receipt by the attorney</u>.

29 C.F.R. § 1614.605(d) (emphasis added).  What the plaintiff has failed to recognize is that "this regulation applies to administrative proceedings before the EEOC; it does not purport to apply to the limitations period for filing suit in federal court."  McKay, 2003 U.S. Dist. LEXIS 5179 at * 6.  The plain language of the regulation, viewed as a whole, makes its administrative focus clear.  See 29 C.F.R. § 1614.605(a) ("At any stage in the processing of a complaint, including the counseling stage [which occurs as part of the administrative process], the complainant shall have the right to be accompanied, represented, and advised by a representative of complainant's choice."); id. § 1614.605(b) ("If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time . . .

- 4 -

to prepare the complaint and to respond to <u>agency and EEOC</u> <u>requests for information</u>."); id. § 1614.605(f) ("Witnesses who are federal employees . . . shall be in a duty status when their presence is authorized or required by <u>Commission or agency</u> <u>officials</u> in connection with a complaint."). Moreover, subsection (e) of this same regulation states that the complainant "shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative."  Id. § 1614.605 (e).  This language is inconsistent with the plaintiff's theory that § 1614.605(d) applies to relieve a complainant represented by counsel of all responsibility for timely filing a civil action.

While the 90-day period may be subject to equitable tolling, this case does not present any "extraordinary" circumstances warranting exercise of the Court's equitable powers.  <u>Mondy v. Secretary of the Army</u>, 845 F.2d 1051, 1057 (D.C. Cir. 1988).  The plaintiff's assertion here, that tolling would be warranted because of the DOE's delay in providing plaintiff's counsel with its final decision, falls short.  In <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147 (1984) (per curiam), the Supreme Court suggested that equitable tolling might be proper when

> a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon,

- 5 -

>        . . . where the court has led the plaintiff to
>        believe that she had done everything required of
>        her, . . . [or] where affirmative misconduct on
>        the part of a defendant lulled the plaintiff
>        into inaction.

Id. at 151.  Because it is uncontested that the plaintiff himself had adequate notice of the agency's final decision, the 90-day period will not be tolled here.  Accordingly, plaintiff's Title VII claim for race discrimination will be dismissed.

   II. Whistleblower Protection Act

Count II of plaintiff's complaint is captioned "Violations of the Whistleblower Act."  To the extent that the plaintiff is alleging a claim under the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16 (1989), this Court lacks jurisdiction to hear it.

"The WPA provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety."  Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 2302(b)(8)).  The Civil Service Reform Act ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111, codified in various sections of Title 5 of the United States Code, provides the exclusive set of remedies for claims brought pursuant to the WPA.  See Richards v. Kiernan, 461 F.3d 880, 885 (7th Cir. 2006).  Moreover, "under the CSRA, exhaustion of

administrative remedies is a jurisdictional prerequisite to suit." Weaver v. United States Information Agency, 87 F.3d 1429, 1433 (D.C. Cir. 1996).  Pursuant to the CSRA, an employee who believes he is the victim of an unlawful retaliation must first bring his claim to the Office of Special Counsel ("OSC").  5 U.S.C. § 1214; Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000).  If the OSC finds no wrongdoing, the complainant can appeal to the Merit Systems Protection Board ("MSPB").  5 U.S.C. §§ 1214(a)(3), 1221.  Decisions of the MSPB are appealable to the Federal Circuit.  5 U.S.C. § 7703.  "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistle-blower cause of action brought directly before it in the first instance."  Stella, 284 F.3d at 142.  It is uncontested that plaintiff did not file a complaint for retaliation with the OSC.  Accordingly, this court lacks jurisdiction over any claim brought pursuant to the WPA.

In opposing the defendant's motion to dismiss, plaintiff asserts that his retaliation claim also arises under the whistleblower provisions of the False Claims Act, 31 U.S.C. § 3729 et seq.  Plaintiff's belated invocation of the False Claims Act – it is nowhere mentioned in his complaint – does not change the fact that the CSRA provides the exclusive set remedies for federal employees who face retaliation because of whistleblowing.  LeBlanc v. United States, 50 F.3d 1025, 1030

(Fed. Cir. 1995); <u>Daly v. Department of Energy</u>, 741 F. Supp. 202, 205 (D. Colo. 1990).  Moreover, even if the CSRA did not pose a jurisdictional stumbling block for an FCA claim, dismissal would still result because the False Claims Act does not contain a waiver of sovereign immunity for suits against the federal government.  <u>See</u> <u>Galvan v. Federal Prison Indus</u>., 199 F.3d 461, 467-68 (D.C. Cir. 1999) (discussing 31 U.S.C. § 3729).

      An appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                     United States District Judge